UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 03CV12517-MEL

MFC COMMUNICATIONS, INC. and OMNIPOINT HOLDINGS, INCORPORATED,

    Plaintiffs

v.

THE TOWN OF STOUGHTON, THE TOWN OF STOUGHTON ZONING BOARD OF APPEALS, and ALLAN R. KATZ, EDWARD F. COPPINGER, ORLANDO DiGIAMPIETRO, HERBERT MUSMON, STEVEN D. MITCHELL, and WILLIAM FRANCIS, individually and as they are members of the STOUGHTON ZONING BOARD OF APPEALS,

    Defendants

ANSWER OF DEFENDANTS

    Defendants, the Town of Stoughton, the Town of Stoughton Zoning Board of Appeals, and Allan R. Katz, Edward F. Coppinger, Orlando DiGiampietro, Herbert Musmon, Steven D. Mitchell, and William Francis, individually and as they are members of the Stoughton Zoning Board of Appeals, hereby answer Plaintiffs' Complaint as follows:

    Defendants state that no answer is required to the first unnumbered paragraph.

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3.    Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Defendants deny that Steven D. Mitchell resides at the address stated.

10. Admit.

11. Paragraph 11 of the Complaint contains conclusions of law for which no answer is required.

12. Paragraph 12 of the Complaint contains conclusions of law for which no answer is required.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25. Paragraph 25 of the Complaint contains conclusions of law for which no answer is required; and further answering, Defendants state that the statute speaks for itself.

26. Paragraph 26 of the Complaint contains conclusions of law for which no answer is required; and further answering, Defendants state that the statute speaks for itself.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 27 regarding other communities. Defendants admit the substance of the allegations set forth in the second sentence of paragraph 27, but not the characterization "as a result,"; and further answering, Defendants state that the Town has a zoning "By-Law" and not an "ordinance."

28. Defendants state that the By-Law speaks for itself.

29. Defendants state that the By-Law speaks for itself.

30. Paragraph 30 of the Complaint contains conclusions of law for which no answer is required; and further answering, Defendants state that the By-Law speaks for itself.

31. Defendants state that the By-Law speaks for itself.

32. Defendants state that the By-Law speaks for itself.

33. Admit.

34. Defendants state that the permit referred to in paragraph 34 speaks for itself.

35. Defendants admit the allegations set forth in the first sentence of paragraph 35. Defendants state that in the second sentence of paragraph 35, the application speaks for itself.

36. Defendants admit the allegations set forth in the first sentence of paragraph 36. Defendants state that in the second sentence of paragraph 36, the application speaks for itself.

37. Admit.

38. Admit.

39. Admit; and further answering, Defendants state that the decision speaks for itself.

40. Admit; and further answering, Defendants state that the decision speaks for itself.

41. Defendants admit that the decision was filed on the date stated; and further answering, Defendants state that the decision speaks for itself.

42. Deny.

43. Paragraph 43 of the Complaint contains conclusions of law for which no answer is required.

44. Paragraph 44 of the Complaint contains conclusions of law for which no answer is required.

45. Paragraph 45 of the Complaint contains conclusions of law for which no answer is required.

46. Defendants incorporate their answers set forth in paragraphs 1 – 45 as if set forth fully herein.

47. Defendants state that the statute speaks for itself.

48. Paragraph 48 of the Complaint contains conclusions of law for which no answer is required.

49. Deny.

50. Deny.

51. Defendants incorporate their answers set forth in paragraphs 1 – 45 as if set forth fully herein.

52. Defendants state that the statute speaks for itself.

53. Paragraph 53 of the Complaint contains conclusions of law for which no answer is required.

54. Deny.

55. Deny.

56. Defendants incorporate their answers set forth in paragraphs 1 – 45 as if set forth fully herein.

57. Defendants state that the statute speaks for itself.

58. Deny.

59. Deny.

60. Defendants incorporate their answers set forth in paragraphs 1 – 45 as if set forth fully herein.

61. Defendants state that the statute speaks for itself.

62. Deny.

63. Deny.

64. Defendants incorporate their answers set forth in paragraphs 1 – 45 as if set forth fully herein.

65. Deny.

66. Deny.

67. Defendants incorporate their answers set forth in paragraphs 1 – 45 as if set forth fully herein.

68. Deny.

69. Deny.

70. Defendants incorporate their answers set forth in paragraphs 1 – 76 [sic] as if set forth fully herein.

71. Defendants state that the statute speaks for itself.

72. Paragraph 72 of the Complaint contains conclusions of law for which no answer is required.

73. Deny.

74. Deny.

75. Deny.

## FIRST DEFENSE

The Complaint should be dismissed with regard to Plaintiff MFC Communications, Inc. for failure to state a claim upon which relief can be granted in that MFC Communications, Inc. lacks standing to assert a claim under the Telecommunications Act of 1996, 47 U.S.C. §332(c)(7)(B)(i).

## SECOND DEFENSE

Count VII of the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

TOWN OF STOUGHTON, ET AL.,

By their attorneys,

Brian W. Riley (BBO# 555385)
Patricia A. Cantor (BBO# 072380)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

211520/60700/0524

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on January 29, 2004.