UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03CV12517 - MEL

| | |
|---|---|
| MCF COMMUNICATIONS, INC. and<br>OMNIPOINT HOLDINGS, INCORPORATED<br><br>Plaintiff<br><br>v.<br><br>THE TOWN OF STOUGHTON,<br>THE TOWN OF STOUGHTON ZONING BOARD OF APPEALS,<br>and ALLAN R. KATZ, EDWARD F. COPPINGER, ORLANDO<br>DiGIAMPIETRO, HERBERT MUSMON, STEVEN D. MITCHELL,<br>and WILLIAM FRANCIS, individually and as they are members of the<br>STOUGHTON ZONING BOARD OF APPEALS<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SWORN STATEMENT OF PLAINTIFF PURSUANT TO LOCAL RULE 26.1(B)(1)

Pursuant to 26.1(B)(1), The Plaintiff, MCF Communications, Inc. ("Plaintiff"), makes the following sworn statement:

The following persons are known to the Plaintiff or plaintiff's attorney to have witnessed the transaction or occurrence, or otherwise believed to have substantial discoverable information pursuant to L. R. 26.1(B)(2)(a):

*I.  Witnesses*

Bradford Gannon
Michael McFadden
Katherine Rugman
Richard Kala

The above persons are expected to testify regarding: efforts and preparations made by the Plaintiff in searching for and selecting an appropriate location for the placement of a wireless telecommunications facility in Stoughton, and all events concerning and statements made at the public hearings of the Board of Appeals on the Plaintiff's zoning application.

## II.   *Statements of Opposing Parties*

The Plaintiffs are aware of no statements of opposing parties obtained by or on their behalf.

## III.   *Government Agencies*

The Plaintiffs are aware of no government agency investigating the occurrence giving rise to the claim.

## IV.   *Certification as to Budget and Alternative Dispute Resolution*

We hereby certify that the Plaintiffs and their counsel have conferred with regard to the budget for costs of conducting the various alternative courses of litigation and to consider the resolution of this litigation through the use of alternative dispute resolution.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __ DAY OF MARCH, 2004.

| | |
|---|---|
| Michael McFadden, President<br>MCF Communications, Inc.<br>668 Main Street Suite 114<br>Wilmington, MA  01887<br><br>Gerald Marquis<br>Omnipoint Holdings, Inc.<br>50 Vision Blvd.<br>E. Providence, MA | Peter B. Morin, Esquire<br>McDermott, Quilty & Miller LLP<br>21 Custom House Street<br>Boston, MA  02110 |

The above persons are expected to testify regarding: efforts and preparations made by the Plaintiff in searching for and selecting an appropriate location for the placement of a wireless telecommunications facility in Stoughton, and all events concerning and statements made at the public hearings of the Board of Appeals on the Plaintiff's zoning application.

## II. Statements of Opposing Parties

The Plaintiffs are aware of no statements of opposing parties obtained by or on their behalf.

## III. Government Agencies

The Plaintiffs are aware of no government agency investigating the occurrence giving rise to the claim.

## IV. Certification as to Budget and Alternative Dispute Resolution

We hereby certify that the Plaintiffs and their counsel have conferred with regard to the budget for costs of conducting the various alternative courses of litigation and to consider the resolution of this litigation through the use of alternative dispute resolution.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___ DAY OF MARCH, 2004.

| | |
|---|---|
| Michael McFadden, President<br>MCF Communications, Inc.<br>668 Main Street Suite 114<br>Wilmington, MA 01887<br><br>*/s/ Gerald Marquis/*<br>Gerald Marquis<br>Omnipoint Holdings, Inc.<br>50 Vision Blvd.<br>E. Providence, MA | Peter B. Morin, Esquire<br>McDermott, Quilty & Miller LLP<br>21 Custom House Street<br>Boston, MA 02110 |

3

## CERTIFICATE OF SERVICE

I, Peter B. Morin, do hereby certify that on this 21 day of March, 2004, I served a copy of the above document upon the attorney of record for each other party by first class mail, postage prepaid.

_____
Peter B. Morin