UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 03CV12517-MEL

| | |
|---|---|
| MCF COMMUNICATIONS, INC. and OMNIPOINT HOLDINGS, INCORPORATED,<br><br>    Plaintiffs<br><br>v.<br><br>THE TOWN OF STOUGHTON, THE TOWN OF STOUGHTON ZONING BOARD OF APPEALS, and ALLAN R. KATZ, EDWARD F. COPPINGER, ORLANDO DiGIAMPIETRO, HERBERT MUSMON, STEVEN D. MITCHELL, and WILLIAM FRANCIS, individually and as they are members of the STOUGHTON ZONING BOARD OF APPEALS,<br><br>    Defendants | DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF BRADFORD GANNON |

Defendants (collectively "Stoughton") hereby move that the "Affidavit of Bradford Gannon In Opposition to Defendants' Motion to Dismiss" ("Gannon Affidavit") be stricken. As grounds for this motion, Stoughton relies on the following Memorandum of Reasons.

1. Plaintiffs brought this action alleging that Stoughton, by denying them a zoning variance and special permit to install a 190-foot high telecommunications tower in a residential neighborhood, has violated the federal Telecommunications Act of 1996, 47 U.S.C. §332(c)(7) ("TCA"). Plaintiffs further claim (Count VII) that by so doing, Stoughton has violated their federal civil rights under 42 U.S.C. §1983. For the reasons argued in its Motion to Dismiss, Stoughton contends that even if the plaintiffs were to prevail on their TCA claims, no action under §1983 would

  lie. See, Nextel Partners, Inc. v. Kingston Township, 286 F.3d 687, 693-96 (3rd Cir. 2002); National Telecommunication Advisors, Inc. v. Chicopee, 16 F. Supp. 2d 117 (D.Mass. 1998).

2. Based upon the prevailing law in this jurisdiction and the only extant federal Circuit Court of Appeals ruling on the question, Stoughton therefore filed its Motion to Dismiss Count VII.

3. Plaintiffs responded by filing an opposition and the Gannon Affidavit.

4. In their Complaint, plaintiffs do not allege any facts other than those that allegedly support their claim for relief under the TCA; *i.e.*, that Stoughton, by denying the requested zoning permits, violated the TCA.

5. Based upon the face of the Complaint and applying the settled standard that the facts are accepted as true and all reasonable inferences are drawn in the plaintiffs' favor (Walker Process Equipment v. Food Mach. & Chem. Corp., 382 U.S. 172 [1976]; Wagner v. Devine, 122 F.3d 53, 58 n.2), even if plaintiffs were to prevail under the TCA, no relief could be granted under §1983.

6. In an attempt to buttress their factually non-existent §1983 claim, plaintiffs filed the Gannon Affidavit, in which Mr. Gannon makes assertions that are not supported by and go far beyond those pled in the Complaint. These assertions may not be considered on a motion to dismiss, unless under F.R.Civ.P.12 (b), the court converts the motion to a motion for summary judgment and allows Stoughton the opportunity to oppose such a motion under Rule 56.

7. In addition to alleging matters outside of those raised in the Complaint, the Gannon Affidavit must be stricken for the following reasons:

a. Paragraph 4 does not allege any fact based upon Mr. Gannon's personal knowledge. The "facts" alleged are based upon his speculation and conjecture.

b. Paragraph 5 does not allege any fact based upon Mr. Gannon's personal knowledge. The "facts" alleged are based upon his speculation and conjecture. The "facts" further are inadmissible hearsay to which no exception under F.R.Evidence 803 would apply.

c. Paragraph 6 does not allege any fact based upon Mr. Gannon's personal knowledge. The "facts" alleged are based upon his speculation and conjecture. Whether or not Mr. Katz, the then Chairman of the Stoughton Zoning Board of Appeals, is a member of the Ames Rifle and Gun Club is immaterial and irrelevant.

d. The second sentence of paragraph 8 is inadmissible hearsay to which no exception under F.R.Evidence 803 would apply. In any event, the record of proceedings before the Stoughton Zoning Board of Appeals on the plaintiffs' applications are before the court on the plaintiffs' motion for summary judgment and the reasons for denying the permits are apparent from that record.

e. The first sentence of paragraph 9 does not allege any fact based upon Mr. Gannon's personal knowledge. The "facts" alleged are based upon his speculation and conjecture. The "facts" further are inadmissible hearsay to which no exception under F.R.Evidence 803 would apply. To the extent

3

      that public records would be admissible under Rule 803(8), those records have not been offered or introduced.

f. Paragraph 11 does not allege any fact based upon Mr. Gannon's personal knowledge. The "facts" alleged are based upon his speculation and conjecture. The "facts" further are inadmissible hearsay to which no exception under F.R.Evidence 803 would apply. To the extent that public records would be admissible under Rule 803(8), those records have not been introduced.

g. The "transcripts" referred to in Paragraph 12 were not attached to the Gannon Affidavit that was sent to Stoughton's counsel. In any event, the record of proceedings before the Stoughton Zoning Board of Appeals on the plaintiffs' applications is before the court on the plaintiffs' motion for summary judgment.

Wherefore, Stoughton moves that the Affidavit of Bradford Gannon be stricken and that the court limit its consideration of Stoughton's Motion to Dismiss to the face of the Complaint. In the alternative, if the Motion to Strike is denied, Stoughton requests that under F.R.Civ.P 12(b), the court treat its Motion to Dismiss as a motion for summary judgment under F.R.Civ.P 56 and allow Stoughton sufficient time to respond to the Gannon Affidavit. Stoughton further requests that the court schedule this Motion to Strike for hearing on October 21, 2004, when the Motion to Dismiss and Plaintiffs' Motion for Summary Judgment are already scheduled. The

plaintiffs' counsel does not oppose a hearing on this motion at that time.

        TOWN OF STOUGHTON, ET AL.,

        By their attorneys,

        /s/ Patricia A. Cantor
        Brian W. Riley (BBO# 555385)
        Patricia A. Cantor (BBO# 072380)
        Kopelman and Paige, P.C.
          Town Counsel
        31 St. James Avenue
        Boston, MA 02116

232700/60700/0524