UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 03CV12517-MEL

| | |
|---|---|
| MCF COMMUNICATIONS, INC. and OMNIPOINT HOLDINGS, INCORPORATED,<br><br>    Plaintiffs<br><br>v.<br><br>THE TOWN OF STOUGHTON, THE TOWN OF STOUGHTON ZONING BOARD OF APPEALS, and ALLAN R. KATZ, EDWARD F. COPPINGER, ORLANDO DiGIAMPIETRO, HERBERT MUSMON, STEVEN D. MITCHELL, and WILLIAM FRANCIS, individually and as they are members of the STOUGHTON ZONING BOARD OF APPEALS,<br><br>    Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT |

Defendants ("Town" or "Stoughton") hereby oppose Plaintiffs' Motion to Amend Complaint. In support of this Opposition, Stoughton relies on the following:

Procedural Background

This case is an appeal under the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. §332(c)(7), from the denial by the Stoughton Zoning Board of Appeals ("Board") of plaintiffs' applications for a variance and special permit to install a 190-foot high telecommunications tower at 76 Jordan Drive, Stoughton, Massachusetts. In the Complaint, Count VII, plaintiffs claim that the Town's actions regarding the tower denial decision violate plaintiffs' civil rights under 42 U.S.C. §1983. The Town filed a motion to dismiss Count VII, arguing that the TCA did not allow a §1983 remedy, even if the Court were to find that the Board violated the TCA in denying plaintiffs' application. See, Defendants' Motion to Dismiss and Memorandum of Law in support thereof. The plaintiffs filed an opposition to the Motion to Dismiss and included in

their opposition an Affidavit of Bradford Gannon signed on September 7, 2004 ("Sept. Gannon Aff."). The Town filed a Motion to Strike that affidavit. On October 21, 2004, the Court heard argument on the Town's Motion to Dismiss.

On or about October 13, 2004, plaintiffs filed their Motion to Amend Complaint, arguing in essence, that the basis for their motion was to "provid[e] a more definite statement of the nature of their civil rights claims." The plaintiffs relied on the statements in the Sept. Gannon Aff. to buttress that contention. As explained below and based upon the arguments previously made in their Motion to Dismiss, Motion to Strike and at the October 21, 2004 hearing, the Town says that amendment of the complaint should be denied in this case.[1]

## Argument

While the general rule is that amendment of a complaint is to "be freely given when justice so requires" (F.R.Civ.P.15(a)), this liberal rule has a clear limit and does not extend to allowing an amendment that would be futile. The limit is that if a proposed amendment lacks legal merit, amendment must be denied. Liberty Leather Corp. v. Callum, 653 F.2d 694, 700 (1st Cir. 1981). Specifically, where a claim would not survive a motion to dismiss, amendment is not proper. Spalding v. Reliance Standard Life Ins. Co., 835 F.Supp.23, 31 (D.Mass.).

Here, the proposed amendment lacks legal merit because a plaintiff may not recover under 42 U.S.C. §1983, the civil rights statute, even if the municipality is found to have violated

---

[1] In ruling on the Motion to Dismiss, the Court should be limited to the face of the Complaint. In its Motion to Strike the Sept. Gannon Aff., the Town requested that if the Motion to Strike was not allowed, and the Court considered matters outside of the Complaint on the Motion to Dismiss, the motion should be treated as a motion for summary judgment and the Town be permitted sufficient time to respond to the factual allegations asserted by Mr. Gannon. Motion to Strike, p. 4. By not responding to the particular factual allegations made by Mr. Gannon, the Town does not concede the truth of any of the allegations he makes and does not waive any argument that the allegations are erroneous and without merit.

the TCA.[2]/ National Telecommunication Advisors, Inc. v. City of Chicopee, 16 F.Supp.2d 117 (D.Mass. 1998). While the plaintiffs attempt to narrowly interpret the Chicopee case and to factually distinguish it from the instant case, such an interpretation is unwarranted and any factual differences between that case and the instant case are legally insignificant.

First, in the Chicopee case Judge Ponsor analyzed and applied settled rules regarding whether the violation of a federal statute (such as the TCA) gave a plaintiff the right to recover under §1983. In concluding that the TCA provided no such recovery, he correctly held that a §1983 claim is not available even if a municipality is found to have violated the TCA. This is the prevailing rule in the District of Massachusetts and should be applied here.

In their attempt to overcome this rule, the plaintiffs latch onto Judge Ponsor's observation: "It is worth noting that the actions of the defendants here did not constitute flagrant or protracted violations of [that plaintiff's] rights." 16 F.Supp at 123 and n.1. Plaintiffs' then allege, in their proposed First Amended Complaint, ¶¶ 73-80, "facts" that are intended to show that the Board's actions here do constitute such violations. In essence, these newly alleged (but not new) facts relate to claims that the Board favored an alternative site for the proposed tower (at the Ames Rifle and Pistol Club) and favored a member of the Board who has a communications tower on his property.

Even accepting these allegations as true, it would be futile to allow the complaint to be amended to include them. The fact that a member of the Board may be member of the gun club in question is immaterial to whether the Board acted properly on the plaintiffs' application.

---

[2]/ Of course, in the instant case, the question of whether the Town has violated the TCA has not been decided and any speculation on that question is premature. See, the Town's Opposition to Plaintiffs' Motion for Summary Judgment and supporting materials.

3

Under the TCA, a critical issue is whether the provider of personal wireless services has proven that there are no other available alternative locations for the proposed communications facility. Amherst, NH v. Omnipoint Communications Enterprises, Inc., 173 F.3d 9 (1st Cir. 1997). Simply because a member of the Board may be a member of a club that owns property that may be an alternative location is not sufficient to establish that the Board's denial of the plaintiffs' application was a "flagrant" violation of the plaintiffs' rights, even if the denial is ultimately found to violate the TCA. Additionally, because a member of the Board owns property where a wireless communications facility is located is irrelevant to evaluating if the Board's decision in denying the plaintiffs' application violates the TCA. The fact that another application was granted is immaterial to whether the Board's decision here is based upon substantial evidence in a written record and/or whether the decision effectively prohibits the provision of personal wireless services. 47 U.S.C. §332(c) (7) (B) (i) (iii). See, ATC Realty, LLC v. Town of Kingston NH, 303 F.3d 91 (1st Cir. 2002) (upholding decision denying one tower application and granting another). Thus, even if the allegations in plaintiffs new ¶¶73-79 are true, the allegations would not prove that the Board's decision was motivated or resulted from "conflicts of interest and undisclosed favoritism." First Amended Complaint, ¶80.

For these reasons, the plaintiffs' Motion to Amend is futile and would not survive a motion to dismiss and the Motion to Amend should be denied.

TOWN OF STOUGHTON, ET AL.,

By their attorneys,

Brian W. Riley (BBO# 555385)
Patricia A. Cantor (BBO# 072380)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____

234550/60700/0524

4