**E N D O R S E M E N T**

MCF COMMUNICATIONS, INC. & OMNIPOINT HOLDINGS, INC. v. TOWN OF STOUGHTON, TOWN OF STOUGHTON ZONING BOARD OF APPEALS, et al.
03-CV-12517-MEL

LASKER, D.J.

      Defendants move to dismiss the 42 U.S.C. §1983 claim in Count VII of the Complaint. In this District, the overwhelming majority view holds that even if a plaintiff succeeds against a municipality on the merits of a claim alleging a violation of the Federal Telecommunications Act of 1996 ("TCA"), the plaintiff may not recover under §1983. I adopt and follow the reasoning of Judge Ponsor in Nat'l Telecommunication Advisers, Inc. v. City of Chicopee, 16 F.Supp.2d 117 (D.Mass. 1998), and find that the TCA is a comprehensive enforcement mechanism that implicitly precludes the availability of a §1983 remedy. Moreover, the plaintiffs have not presented unique facts indicating improper or nefarious animus by the Zoning Board sufficient to support an independent §1983 claim. For these reasons, the motion to dismiss Count VII is GRANTED.

      Defendants move to strike the Affidavit of Bradford Gannon ("Gannon Affidavit"). Defendants contend: (1) that Gannon makes assertions that are not supported by and exceed the assertions contained in the Complaint, (2) that Gannon alleges facts based upon speculation and conjecture rather than personal knowledge, and (3) that Gannon alleges facts that constitute inadmissible hearsay. However, the assertions made do not exceed those plead in the amended complaint, and the facts alleged are sufficiently based on personal knowledge and fall within the realm of admissibility. Therefore, the motion to strike the Gannon Affidavit is DENIED.

      Plaintiffs move for summary judgment and defendants cross-move for summary judgment. However, both parties dispute genuine issues of material fact, including: (1) whether plaintiffs established that a significant gap in coverage exists, (2) whether there is any feasible alternative site for the proposed tower, (3) whether defendants' denial of zoning relief was based on substantial evidence in the written record, (4) whether the defendants' denial of zoning relief prohibits the provision of personal wireless services, and (5) whether further applications for zoning relief would be futile. Therefore, because these issues of fact remain, summary judgment in favor of any party is DENIED.

Accordingly, the defendants' motion to dismiss the claim under 42 U.S.C. § 1983 is GRANTED; the defendants' motion to strike is DENIED; and the parties' motions for summary judgment are DENIED.

It is so ordered.


Dated:     November 1, 2004
           Boston, Massachusetts     /s/ Morris E. Lasker
                                          U.S.D.J.