UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 03CV12517-MEL

| | |
|---|---|
| MCF COMMUNICATIONS, INC. and OMNIPOINT HOLDINGS, INCORPORATED,<br><br>    Plaintiffs<br><br>v.<br><br>THE TOWN OF STOUGHTON, THE TOWN OF STOUGHTON ZONING BOARD OF APPEALS, and ALLAN R. KATZ, EDWARD F. COPPINGER, ORLANDO DiGIAMPIETRO, HERBERT MUSMON, STEVEN D. MITCHELL, and WILLIAM FRANCIS, individually and as they are members of the STOUGHTON ZONING BOARD OF APPEALS,<br><br>    Defendants | AGREEMENT FOR JUDGMENT |

WHEREAS, the Plaintiffs in the above-captioned action seek to locate a personal wireless services facility, a telecommunications monopole-type tower, on property located at 76 Jordan Drive, Stoughton, Massachusetts ("the Site");

WHEREAS, plaintiff Omnipoint Holdings, Inc. ("Omnipoint") is licensed by the Federal Communications Commission as a provider of personal wireless services and is intending to locate its communications equipment at a monopole on the Site;

WHEREAS, on or about June 12, 2003, plaintiff MCF Communications, Inc. ("MCF") applied to the Defendant Stoughton Zoning Board of Appeals (the "Board") for a variance and special permit to allow a 190-foot high monopole at the Site;

WHEREAS, on November 10, 2003, the Board filed its decision with the Stoughton Town Clerk denying MCF's application for a variance and special permit;

WHEREAS, thereafter, the plaintiffs appealed the denial to this Court, under the federal Telecommunications Act of 1996, 47 U.S.C. §332(c)(7) ("TCA");

WHEREAS, the First Circuit and this Court have encouraged settlement in TCA cases between wireless providers and land use regulatory boards by means of consent judgments in appropriate circumstances, See Brehmer v. Planning Board of Wellfleet, 238 F.3d 117, 121 (1st Cir. 2001) (concluding that, in cases under the TCA, it is "not unreasonable for the board to settle with the applicant on the terms most favorable to the town" and that such settlements "are fully consistent with the TCA's aims"); Town of Amherst v. Omnipoint Communications, Inc., 173 F.3d 9, 16 – 17 (1st Cir. 1999) ("[I]t is in the common interest of [zoning boards] and [telecommunications companies] to find ways to permit the siting of towers in a way most congenial to local zoning"); Patterson v. Omnipoint Communications, Inc., 122 F. Supp. 2d 222, 228 (D. Mass. 2000) (in appropriate circumstances, "it behooves that board to settle with the Plaintiff company on the most favorable terms possible; rather than spend more on litigation, with the potential to receive less favorable terms from a judgment");

WHEREAS, the parties wish to resolve this dispute without the further expense and delay of litigation by means of a consent judgment;

NOW, THEREFORE, for adequate consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. That, in order to resolve the Plaintiffs' claims under the TCA, which are the subject matter of the instant action, the Board shall, within thirty (30) days from the date that the Court enters judgment pursuant to this Agreement (the "Proposed Judgment," filed herewith), issue a variance and special permit to the plaintiffs' to allow the use of the Site for a 140-foot

high monopole personal wireless service facility in accordance with the terms and conditions set forth in Exhibit I to the Proposed Judgment;

    2.    That, the Court dismiss Counts I, II, V, VI, and VII of the Complaint and may enter judgment in favor of the Plaintiffs as to Counts III and IV of the Complaint, consistent with the Proposed Judgment submitted herewith, including the terms and conditions set forth in Exhibit I thereto;

    3.    That, nothing contained in herein or in the judgment entered pursuant hereto shall operate as res judicata or collateral estoppel with respect to any claim or defense asserted by any party in any litigation, other than litigation with respect to the wireless communications facility that is the subject of these proceedings; and

    4.    That, upon entry of final judgment, the parties waive all rights of appeal.

| MCF COMMUNICATIONS, INC. and<br>OMNIPOINT HOLDINGS, INCORPORATED, | TOWN OF STOUGHTON, ET AL., |
|---|---|
| By their attorney,<br><br>_/s/ Peter B. Morin_<br>Peter B. Morin, Esq. (BBO #355155)<br>McDermott, Quilty & Miller, P.C.<br>21 Custom House Street<br>Boston, MA 02110<br>(617) 946-4600 | By their attorneys,<br><br>_/s/ Brian W. Riley_<br>Brian W. Riley (BBO# 555385)<br>Patricia A. Cantor (BBO# 072380)<br>Kopelman and Paige, P.C.<br>  Town Counsel<br>31 St. James Avenue<br>Boston, MA 02116<br>(617) 556-0007 |

251134/STOU/0262

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on _June 9, 2005_