UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 03CV12517-MEL

| | |
|---|---|
| MCF COMMUNICATIONS, INC. and OMNIPOINT HOLDINGS, INCORPORATED,<br><br>    Plaintiffs<br><br>v.<br><br>THE TOWN OF STOUGHTON, THE TOWN OF STOUGHTON ZONING BOARD OF APPEALS, and ALLAN R. KATZ, EDWARD F. COPPINGER, ORLANDO DiGIAMPIETRO, HERBERT MUSMON, STEVEN D. MITCHELL, and WILLIAM FRANCIS, individually and as they are members of the STOUGHTON ZONING BOARD OF APPEALS,<br><br>    Defendants | PROPOSED JUDGMENT |

Upon review of the record, the Agreement for Judgment filed by the Plaintiffs and the Defendant Town of Stoughton ("Town") and the Zoning Board of Appeals of the Town of Stoughton ("Board"), it is hereby ORDERED, as follows:

1. Counts I, II, V, VI, and VII of the Complaint are dismissed.

2. Judgment shall enter against the defendant Town and in favor of the Plaintiffs on Counts III and IV of the Complaint upon the terms and conditions set forth herein.

3. The Board is hereby ordered within thirty (30) days of the date that this Judgment is entered, to cause to be issued a variance and a special permit, upon the terms and conditions set forth in Exhibit I attached hereto and incorporated herein by reference, which shall have the effect of allowing the plaintiffs, MFC Communications, Inc. ("MCF") and Omnipoint Holdings, Inc. ("Omnipoint"), to locate a 140-foot high wireless communications monopole at property

2

located at 176 Jordan Road, Stoughton, Massachusetts, without the need for any further zoning permits or approvals.

4.	The Agreement for Judgment to which the parties entered in the instant action is specifically incorporated into this Judgment such that this Court retains jurisdiction to effectuate the terms of that Agreement, as well as the terms of this Judgment.

_____
United States District Court

Dates: _____June 15,_____, 2005

# EXHIBIT I

Subject to the following terms and conditions, the Stoughton Board of Appeals ("Board") hereby issues to MCF Communications, Inc. and Omnipoint Holdings, Inc. (collectively, "Applicants") a frontage variance and a special permit to allow a 140-foot high wireless communications monopole ("the Monopole") and appurtenant structures (collectively, "the Facility") at property located at 176 Jordan Road, Stoughton, Massachusetts ("the Site").

1. The variance is from the Stoughton Zoning By-law, Section VI, Table of Dimensional and Density Regulations, regarding 150 feet minimum lot frontage in the Residence A Zoning District.

2. The special permit is to allow a 140-foot high wireless communications Monopole, with appurtenant structures, to be located at the Site.

3. The special permit is for a monopole style tower.

4. The Monopole shall not exceed 140 feet in height above ground level.

5. The Monopole shall be located on a separate lot from the existing residence at the Site and the separate lot for the monopole shall be the lot for which the frontage variance is granted.

6. A total of two FCC licensed personal wireless communications providers, including Omnipoint Holdings, Inc., may locate their antenna arrays on the outside of the Monopole.

7. Any additional providers must obtain a special permit in accordance with the Stoughton Zoning By-law in order to locate on the Monopole.

8. As a pre-condition for the issuance of a building permit for the Facility, the Applicants shall pay, as a building permit fee, the sum of $10,000 (ten thousand dollars) to the Town of Stoughton.

9. As a pre-condition for the issuance of a building permit for each of the two antenna arrays provided for above in #6, the Applicants shall pay, as a building permit fee, the sum of $7,500 (seven thousand five hundred dollars) to the Town of Stoughton.

10. The total amount to be paid to the Town Stoughton under Conditions #8 and #9 above shall be $25,000 (twenty-five thousand dollars).

11. The Monopole shall be non-reflective galvanized steel.

12. No permanent lighting may be placed to shine on or otherwise illuminate the Facility, unless required by the FAA. Lighting shall be limited to that needed for emergencies or as required by the FAA. Any lighting placed at the base to facilitate inspection and maintenance must be turned off when the inspection/maintenance personnel are not present.

13. The Applicants must obtain and comply with all other (than zoning) required municipal, state, and federal permits, if any, from regulatory authorities having jurisdiction over the Facility.

14. The Facility must be fully compliant with federal and state requirements regarding radio frequency emissions.

15. Monitoring, testing, and inspection of the Facility must be in accordance with any regulations of the Massachusetts Department of Public Health and/or the FCC. To the extent that the either of those agencies require reporting, copies of such reports must be submitted to the Board.

16. Upon cessation of use of the Monopole, it must be removed from the Site within 365 days, along with all appurtenant structures pertaining to the Facility. Within 90 days of such removal, the Site must be restored, as close as is feasible, to its condition before construction of the Facility.

17. The Applicants must obtain a performance bond, in the amount of $20,000, to be used for removal and site-restoration costs in the event that the Applicants fail to comply with Condition #16, above, regarding removal. The bond shall be posted with the Town Treasurer. The Applicant's lease with the property owner shall provide that, in the event that the Applicant does not remove the facility within 180 days, the property owner may exercise the right to make a call on the bond and institute removal. In the event that the property owner does not notify the town within 180 days of the Applicants' abandonment that he has exercised said right of removal, then the Town and its agents and employees shall have the right to enter the Site for the purpose of removing the Facility in the event that it is not removed 365 days from abandonment. The Applicants shall include in any lease with the property owner a provision acknowledging and confirming the Town's right to enter the Site pursuant to this provision.

18. To mitigate against visual and other negative impacts on the neighborhood, the Applicants may remove only such existing trees as are reasonably necessary to provide access to the site and construct the Facility.

19. The fencing surrounding the Facility shall be an 8' chain link fence, with no barbed wire.

20. The Facility shall have a sign indicating the contact name and telephone number in the event of an emergency. The only other signs allowed at the Facility are no-trespassing/private property warning signs affixed to the fence and such other signs as are required by FCC regulations.

21. The Applicants shall execute an indemnification agreement in which the Town of Stoughton is indemnified from any liability or damage proximately resulting from the exercise of its right of entry and removal pursuant to paragraph 17.

22. The Applicant shall maintain Comprehensive General Liability insurance in a minimum amount of one million ($1,000,000) single claim and two million ($2,000,000) aggregate, and the Town shall be listed as an additional insured thereon (as its interests may

appear).The insurance shall remain in effect for the duration of the lease term and proof of the insurance must be filed annually with the Town Clerk.

23. If the Facility is sold or leased to an entity other than applicant MCF Communications, Inc., the new owner or lessee must notify the Board in writing, within thirty (30) business days of the sale or transfer, with the new owner or lessee's name, address, telephone, and other contact information.

251111v.2/STOU/0262